UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 24-CR-503 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| MARQUELL DAVIS, | ) | |
| RAMONE BRADLEY, and | ) | |
| EDMUND SINGLETON. | ) | |

**DEFENDANT SINGLETON'S OMNIBUS PRE-TRIAL MOTION**

Now comes Edmund Singleton, by and through counsel, Gabrielle R. Sansonetti, and respectfully moves to suppress any evidence recovered from three cell phone searches and any evidence subsequently obtained which relied upon these searches. This evidence was obtained in violation of Mr. Singleton's fourth amendment right against reasonable search and seizures. In addition, Mr. Singleton moves for a bill of particulars related to count three, which would identify the firearm Mr. Singleton is accused of possessing.

In support, Mr. Singleton offers the following.

I.    **Motion to Suppress Evidence Derived from the Search of Mr. Singleton's Cell Phones**

**Factual Background**

Mr. Davis, Mr. Bradley and Mr. Singleton were indicted on charges related to two carjackings that occurred on November 3, 2022. (Dkt. 1) Specifically, Mr. Singleton

1

was charged with conspiracy to intend to cause serious bodily harm, to take a motor vehicle, which had transported, shipped and received in interstate commerce from the presence of another person by force and violence and by intimidation, in violation of 18 USC, §2118 and §371 (count one); substantive violations of 18 U.S.C. §2119 (counts two and four); a violation of 18 U.S.C. 924(c)(1)(A), use of a firearm in relation to a crime of violence (count three, Davis and Singleton only); and a violation of 18 U.S.C. §922(g) unlawful possession of a firearm (count five, Singleton only).

The charged carjackings occurred at two separate gas stations on November 3, 2022. The surveillance equipment obtained from the gas stations identify two individuals stealing a car on each occasions. A third individual appears to be driving the car but that individual is not identifiable in the videos. Mr. Singleton was not identified as one of the individuals performing the carjackings. Rather, the Government will attempt to prove Mr. Singleton drove the car that transported the individuals who performed the carjackings based upon i) information obtained from three cell phones (cell towers tracking data, text messages, rap videos and pictures of Mr. Singleton with firearms), ii) statements Mr. Singleton made to police, and iii) police officer identification of Mr. Singleton driving the car used in the carjackings a month earlier.

The cell phones were seized during the arrest of Mr. Singleton. The night of the carjackings, a helicopter surveillance viewed the car alleged to have been used in the car jackings. It followed the car for a period of time until the car pulled under a viaduct. At

2

least three individuals ran out from the viaduct and were later arrested in the yard of homes within a few blocks. The three individuals were Mr. Bradley, Mr. Davis and Mr. Singleton. A surveillance of the surrounding area recovered firearms. Two cell phones were found on Mr. Singleton and a third cell phone was found in Mr. Davis' backpack.

After the arrest, on November 10, 2022, law enforcement sought and obtained search warrants for three of Mr. Singelton's cell phones. (Att. A) The complaints for the warrants (which were identical for purposes of probable cause) identified the November 3, 2022 carjacking occurring at 7:00 p.m. at a Citgo Gas Station located at 10001 S. Michigan Ave. and the relative associated facts relayed by the victim and as seen on the gas station surveillance camera; and the carjacking that occurred at 9:30 p.m. at BP Gas Station located at 3101 S. Michicagn Ave. and the relative facts as relayed by the victim and as seen on the gas station surveillance camera.

The complaint also detailed the arrest of Singleton, Davis and Bradley at 10:27 p.m. later that night. It described how the offenders fled and were later seized and how near the area where they were arrested law enforcement recovered two firearms, a Glock handgun and a tan and snakeskin colored semi-automatic handgun; one of which was identified on the gas station surveillance video.

The complaint identified the clothing worn by Bradley and Davis as the clothing worn by the individuals as they appeared in the gas station surveillance video. The complaint reported that Davis carried a backpack which had in it the driver's license of

3

one of the victims, as well as the key to the other victim's car. The complaint also relayed that an officer had observed Mr. Singleton in a dented grey Jeep Grand Cherokee, as appeared in the gas station surveillance video, a month earlier—and that law enforcement believed the Jeep to have been stolen and to have stolen plates.

One complaint stated that Singleton was in possession of a light purple iPhone; one stated that Singleton was in possession of black iPhone with a "Backwoods" case; and one stated that Singelton was in possession of a white iPhone with a "Backwoods" case.

The attesting officer stated that based on his training and experience, carjacking offenders who separate into different vehicles use cell phones to communicate with each other.

The complaint did not allege that there was any evidence these individuals were involved in an ongoing carjacking operation; or that they were involved in other ongoing criminal activity; or provide any justification or probable cause to search the entirety of the cell phone. Nevertheless, the warrants permitted an entire search of the phones without any particularization. *Id.* Specifically, the warrants did not limit the search to any period of time and they authorized the search and seizure of the following information (which was identical for all three) contained on the cell phones:

1 All records of incoming and outgoing phone calls
2 All memory speed dial and redial features
3 All voice mails
4 All contact and address book information

5 All incoming and outgoing messages and identification information for the senders and recipients including but not limited to text messages SMS messages social-networking messages or alerts
6 All incoming and outgoing e-mails and e-mail addresses
7 Proof of ownership of the cell phone including caller information
8 All documents and files including but not limited to photos video audio TXT PDF DOC HTML files APPS applications
9 All internet history or temporary files
10 All deleted files or data
11 All GPS location information.

After the warrants were obtained, the phones were searched, and evidence was recovered. Specifically, on Singleton Phone #1, the light purple iPhone, there was a picture of a firearm, which the Government has indicated it will use at trial. On Singleton Phone #2, which was identified as the black iPhone with the "Backwoods" case, there was location data, pictures of firearms, and pictures of Singleton with firearms, which the Government has indicated it will use at trial. And, on Singleton Phone #3, which was identified as a white iPhone with the "Backwoods" case, there was location data, pictures of firearm, and pictures of Singleton with firearms, which the Government has indicated it will use at trial.

In addition, the 2022 cell phone searches led law enforcement to social media accounts and online music services which the Government believes contains evidence relevant to this offense and intends to present at trial.

After searching and seizing the cell phones based upon the above-described warrants, law enforcement used this information to obtain additional warrants in 2024. (Att. B) The 2024 warrants were directed to T-Mobile and sought records and

5

information associated with the phone number, (773) 600-5709 and (773) 918-9652 which numbers were obtained from the 2022 warrants. The affidavits in support of the warrants detailed the same information related to the November 3, 2022 carjackings, including the arrest and that law enforcement saw Singleton a month earlier in the Jeep Grand Cherokee. In addition, the affidavit contained evidence as described above that was the result of the initial 2022 search warrants. After discussing this motion with the Government, the Government advised that the 2024 warrants identified the wrong phone numbers associated with Singleton Phone 2. Though the 2024 warrants are appropriately particularized to any evidence between November 2, 2022 and November 4, 2022, the probable cause relied upon to obtain the warrants was entirely dependent upon evidence obtained from the original 2022 warrants.

**Legal Principles and Argument**

The Fourth Amendment protects individuals against unreasonable searches and seizures by requiring a warrant before law enforcement can search an individual's property. U.S. Const. amend. IV. The warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." *Id.* "It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment." *Payton v. New York,* 445 U.S. 573, 583 (1980); *see also Coolidge v. New Hampshire,* 402 U.S. 443, 467 (1971) (the "specific evil… abhorred by the colonists…

6

is not that of intrusion *per se,* but of a general, exploratory rummaging in a person's belongings."); *United States v. Jones,* 54 F.3d 1285, 1289-90 (7th Cir. 1995). "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirements ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Garrison,* 480 U.S. 79, 84 (1987); *United States v. Vitek Supply Corp.,* 144 F.3d 476, 481 (7th Cir. 1998).

Cell phones are no different. *Riley v. California,* 573 U.S. 373 (2014) ("…a cell phone search would typically expose to the government far more than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is.") When the search involves digital media, the Seventh Circuit has instructed police officers to exercise caution to ensure that warrants describe with particularity the things to be seized and that searches are narrowly tailored to uncover only those things described. *Socha v. City of Joliet,* 107 F.4th 700 (7th Cir. 2024) ("Given the stakes of cell phone searches… we remind police of their obligation to be specific and explain why there is probable cause to search every part of a cell phone they seek to search."); *see also, United States v. Mann,* 592 F.3d 779, 786 (7th Cir. 2010).

Here, the warrants authorized the broadest search possible based only upon a justification related to a November 3, 2022 crime, for which the officer testified individuals will communicate to each other. The warrant failed to limit its search to the days before or after November 3, 2022; and failed to limit the type of evidence sought, i.e. text messages, snap chats, phone calls. Rather, the warrant permitted a limitless search of the following:

1 All records of incoming and outgoing phone calls
2 All memory speed dial and redial features
3 All voice mails
4 All contact and address book information
5 All incoming and outgoing messages and identification information for the senders and recipients including but not limited to text messages SMS messages social-networking messages or alerts
6 All incoming and outgoing e-mails and e-mail addresses
7 Proof of ownership of the cell phone including caller information
8 All documents and files including but not limited to photos video audio TXT PDF DOC HTML files APPS applications
9 All internet history or temporary files
10 All deleted files or data
11 All GPS location information.

The warrants to search all three of Mr. Singleton's cell phones were facially defective. They each authorized a general search of Mr. Singleton's phones without any limitation in time or scope of information sought.

If police seek and obtain a general warrant to search every corner of one's cell phone without justification, and/or fail to particularize the warrant to the justification for the search, the evidence must be suppressed. *United States v. Glover*, 755 F.3d 811, 879 (7th Cir. 2014) ("…if the affidavit is 'bare bones' or 'so lacking in indicia of probable

cause' that reliance is unreasonable or when the warrant is facially deficient in that it fails to specify the place to search or the items to seize" it cannot be saved. *quoting United States v. Leon*, 468 U.S. 897, 923 (1984) (good faith exception does not apply if "a warrant [is] so facially deficient – *i.e.,* in failing to particularize the place to be search or things to be season –that the executing officers cannot reasonably presume it to be valid.") Because there is no good faith exception to facially defective, overbroad warrants, any evidence obtained as a result of the cell phone searches must be suppressed.

Moreover, because the 2024 warrants were based almost entirely on the evidence recovered from the 2022 warrants, phone numbers, pictures of firearms, text messages, location data and the like, the 2024 warrants must also be suppressed. Evidence that is obtained as a result of an illegal search or seizure is fruit of the poisonous tree, and "it must be excluded…" *United States v. Swift*, 220 F.3d 502, 507 (7th Cir. 2000) (citing *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)). Thus, the information returned to the Government from T-Mobile, location data, subscriber information and the like, must also be suppressed. In addition, any derivative evidence that Mr. Singleton has presently been unable to identify, such as social media information, music applications, and the like, if obtained from either the 2022 or 2024 warrants, must be suppressed.

9

## I.     MOTION FOR A BILL OF PARTICULARS AS TO COUNT THREE

Mr. Singleton and Mr. Davis are charged in count three with being in possession of a firearm on November 3, 2022 during and in relation to a crime of violence, namely carjacking, in violation of Title 18, United States Code, Section 924(c)(1)(A).  Dkt. 1, p. 6. The indictment fails to identify which firearm Mr. Singleton and Mr. Davis are accused of having possessed. *Id.*

**Legal Principles**

Federal Rules Criminal Procedure, Rule 7 states that the indictment must provide the defendant with "information about the details of the charge against him… if this is necessary to the preparation of the defense, and to avoid unfair surprise at trial." *See, United States v. Arberry,* No. 06 CR 278, 2007 WL 9706396 at *1 (E.D. Wis. Feb. 15, 2007); *see also United States v. Rodriguez,* No. 08 CR 190, 2009 WL 1110415 at *4 (E.D. Wis. April 24, 2009). Trial courts have broad discretion to grant a bill of particulars. *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir. 1981). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendants in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. McQuarrie,* No. 16-CR-20499, 2018 WL 372702 at *5 (E.D. Mich. Jan. 11, 2018) (*citing United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993)). This rule is interpreted broadly; therefore, any doubt as to whether a bill of particulars should be granted falls in favor of the defendant. *See United States v. Cole,* 755 F.2d 748, 760 (11th

10

Cir. 1985) (*quoting United States v. Crippen*, 579 F.2d 340, 347 (5th Cir. 1978) (Where the indictment fails to be sufficiently specific to permit the defendant to prepare for trial and to advise as to the charge against him, failure to grant a bill of particulars may constitute reversible errors). Furthermore, a defendant has the right to be tried only on the charges actually brought by the grand jury that considered his indictment. "The Fifth Amendment guarantees the right of an accused to be tried only on charges in an indictment returned by a grand jury." *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020). Altering an indictment without the approval of the grand jury is "*per se* reversible error." *Id. (quoting United States v. Galiffa*, 734 F.2d 306, 311 (7th Cir. 1984).

**Argument**

On November 3, 2022, two individuals were victims of carjackings. Video surveillance from the gas stations where the carjackings occurred revealed two individuals exiting a Jeep Grand Cherokee with what appear to be firearms, while at least one other person remained in the Jeep Grand Cherokee as the driver. Neither of the individuals viewed on the video surveillance appear to be Mr. Singleton. Later that night, when Mr. Singleton, Mr. Davis and Mr. Bradley were arrested, law enforcement recovered firearms from the area around where the three were arrested, but did not recover any firearms on Mr. Singleton. As a result, the indictment and the discovery fail to allege which firearm the grand jury found Mr. Singleton allegedly possessed.

11

Mr. Singleton and his counsel are not required to "guess at" which firearm he is charged with possessing. *See, e.g., United States v. Meek,* No. 1-19CR00378, 2020 WL 2218953 at *5 (S.D. Ind. May 7, 2020) (*quoting United States v. Trie,* 21 F.Supp.2d 7, 21 (D.D.C. 1998); *United States v. Risk,* 672 F.Supp. 346, 360 (S.D. Ind. 1987). Without the Government's identification of the particular firearm, Mr. Singleton may face a charge that was not returned by the Grand Jury; he faces a moving target at trial; and faces possible future prosecution without the ability to plead Double Jeopardy. Therefore, Mr. Singleton respectfully requests the Court order a bill of particulars identifying which firearm Mr. Singleton was accused of possessing on November 3, 2022. WHEREFORE, Defendant Singleton moves for the following:

(1) To Suppress Evidence Derived From a General Search of Singleton's Cell Phones;

(2) For A Bill of Particulars At To Count Three.

*/s/ Gabrielle R. Sansonetti*

Gabrielle R. Sansonetti
LEINENWEBER, DAFFADA & SANSONETTI
120 N. LaSalle Street Suite 2000
Chicago, Illinois 60602
(773) 716-6117 (cell)
gabrielle@ilesq.com

*Counsel for Defendant Singleton*