IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 CR 503 |
| | ) | |
| v. | ) | Honorable Matthew Kennelly |
| | ) | Judge Presiding |
| RAMONE BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRADLEY'S RESPONSE TO THE GOVERNMENT'S
CONSOLIDATED MOTIONS *IN LIMINE*, DKT. 103**

Now comes RAMONE BRADLEY, by his counsel, and for his response to the
Government's Consolidated Motions *In Limine*, he states the following:

## I.     Introduction

As is customary, although unnecessary, the Government has submitted what
appears to be a standard, boilerplate motion. (See I, III, IV, V, VI, VII, IX, and X).
Such a motion presupposes that defense counsel possesses little to no trial experience
or will neglect to follow the rules of evidence in this case. Defense counsel has decades
of experience trying cases in federal and state courts and is a member of this court's
trial bar. He can assure the Court—and the Government—that he is fully aware of
the applicable limitations governing a trial and will strive to adhere to them
diligently. Should the Government believe that counsel has crossed the line into an
area that should remain off-limits, the appropriate remedy is as old as trial practice

1

itself: an objection. Defense counsel should not be prematurely hamstrung by assumptions or preemptive restrictions.

With respect to the specific areas that are unique to this case:

**II.      SINGLETON'S PRIOR FELONY CONVICTIONS**

The government has moved to admit Singleton's two prior felony convictions, including an aggravated battery in 2008 and a conviction for aggravated unlawful use of a weapon in 2011. They also seek to admit transcripts from his guilty pleas for those convictions. Regarding the latter, it is hard to see why those transcripts would be admissible; they contain the plea colloquy, including the waiver of constitutional rights that are irrelevant here, and a hearsay account of facts that would clearly be prejudicial. As for the aggravated battery, that account would include a statement about Singleton's prior violent behavior, and for the gun case, it would detail his possession and how he was caught. None of this is relevant to the fact that he is a convicted felon. Additionally, there is no limiting instruction that would prevent prejudice to Bradley.

To the extent that the government claims the transcripts are admissible because they are "judgments of a prior conviction" (Dkt. 103, p. 7), that is completely incorrect. A judgment of conviction under Illinois law is the written order that imposes the sentence. *People v. Wells*, 2012 IL App (1st) 102006-U, ¶ 11 ("When a defendant, pursuant to his sentence, is to be committed to the Department of Corrections (DOC), section 5-8-5 of the Unified Code of Corrections (730 ILCS 5/5-8-5 (West 2008)) requires the court to commit the defendant to the custody of DOC at the time that the court issues the mittimus, which is the document by which the

2

judgments of conviction and sentence are entered. *People v. Williams,* 239 Ill. 2d 503, 508-09, 942 N.E.2d 1257, 347 Ill. Dec. 677 (2011).")

Bradley believes that the felon in possession count should have been severed from the others. Unless Singleton testifies, the jurors would not otherwise learn that he is a convicted felon. Bradley, who also has a felony conviction, does not plan to testify, so the jurors will not learn that he is a convicted felon. By including this charge, the government is not only allowed to introduce the fact that Singleton is a convicted felon, but they can also disparage Bradley by implying that he associates with a multiple-time convicted felon who is violent, has been convicted of aggravated battery, and is more likely to have committed these violent crimes.

Bradley does not dispute that he has been properly joined as a defendant under Fed. R. Crim. P. 8(b). However, once the threshold for joinder is met under Rule 8, any further issues regarding joinder are governed by Rule 14. See *United States v. Balzano*, 916 F.2d 1273, 1280 (7th Cir. 1990); *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987). Under Rule 14, the district court should order a separate trial on an individual count if a defendant is prejudiced. *United States v. Alexander*, 135 F.3d 470, 477 (7th Cir. 1998); *United States v. Hogan*, 886 F.2d 1497, 1506 (7th Cir. 1989).

There are several notable things about the felon and possession count that cry out for severance. First, other than possessing a weapon, none of the other elements the government must prove are relevant to any other counts. *United States v. Hogan*, 886 F.2d 1497, 1506 (7th Cir. 1989) ("In determining whether

3

joinder caused the defendant actual prejudice, we determine whether evidence supporting one count could also have been admitted in a trial solely on the other count.")

Second, it does not seem that a conviction on that count would significantly affect the sentence. Instead, it appears that the count would merely allow the government to introduce prejudicial evidence of a felony conviction into the case. When the evidence is not eligible for admission on the other counts, severance is appropriate. *Cf.* "[P]rejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts." *United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001) (quoting *United States v. Windom*, 19 F.3d 1190, 1198 (7th Cir. 1994) (other citation omitted).

The straightforward fact is that there will be no prejudice to the government if the count is severed because they will still be able to present all of their evidence that Singleton possessed a firearm, except for the fact that he was a convicted felon. On the other hand, if the count remains at trial, apart from the usual prejudice that Bradley is sure Singleton will complain of, the prejudice to Bradley is significant and cannot be remedied simply by giving a jury instruction to disregard. The proper remedy is to sever the count.

### VIII. MOTION TO PRECLUDE EVIDENCE AND ARGUMENT ABOUT INVESTIGATIVE STEPS NOT TAKEN

The defendant doesn't understand the government's request here, so he cannot agree to it. The example the government cites discusses a case where the "defendants

simply intended to 'impune the thoroughness of that investigation in order to demonstrate the people other than the defendants were responsible for the crime and that law enforcement was either aware of, or ignored, evidence to that effect.'" Dkt. 103, p. 18.

The defense should be free to challenge the government's evidence, including the quality of the investigation. If there were investigative steps that the defense feels weren't taken, then they should be able to bring that up. If evidence collection methods were less than satisfactory, then the defense should be able to question the witness about that. If the government feels that the questions are out of line, they should object. If the government doesn't like the answers that are given, they can ask appropriate questions on redirect. However, prohibiting the defense from bringing out that the investigation was "sloppy or inadequate" and thus raising questions about whether the defendants are guilty because they may not be the perpetrators conflicts with the pursuit of the truth.

Respectfully submitted,

/s/ Steven A. Greenberg
One of Defendant's Attorneys

STEVEN A. GREENBERG
GREENBERG TRIAL LAWYERS
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
(312) 879-9500
Steve@GreenbergCD.com

5