IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 CR 503 |
| | ) | |
| v. | ) | Honorable Matthew Kennelly |
| | ) | Judge Presiding |
| RAMONE BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRADLEY'S REPLY TO THE GOVERNMENT'S
CONSOLIDATED RESPONSE MOTIONS *IN LIMINE*, DKT. 133**

Now comes RAMONE BRADLEY, by his counsel, and for his response to the

Government's Consolidated Response, he states the following:

**I.      SINGLETON'S PRIOR FELONY CONVICTIONS**

Both Bradley and Singleton have addressed Singleton's prior felony

convictions. Bradley has requested that the count be severed due to the prejudice he

will suffer. Dkt. 107, p. 3.

The government cites *United States v. Carter*, 695 F.3d 690, 700 (7th Cir.

2012), when arguing that severance would be a waste of judicial resources and

unnecessary because the evidence is intertwined, and a limiting instruction would

suffice. The government fails to point out that when Carter was tried with his co-

defendant, the court impaneled two juries to prevent prejudice."Defendants, in a

joint trial with separate juries for each defendant, were convicted of carjacking,

using a firearm during the carjacking, and being a felon in possession of a firearm."

1

*United States v. Carter*, 695 F.3d 690, 693 (7th Cir. 2012). See also government response to the defendant's post-trial motion ("The matter proceeded to trial before this Court with separate juries impaneled.") *United States v. Carter*, 09 CR 971 Dkt. 115, p. 1.

The severance arguments presented in *Carter* were made by each defendant regarding their own personal felon-in-possession charge. They had nothing to do with a defendant's complaint that his co-defendant was charged with being a felon in possession.

Notably, the government offers no other resistance to Bradley's argument that he would be prejudiced and that severance of the count is required. Nor does the government explain why the numerous cases Bradley cites are distinguishable or inapplicable. See Dkt. 107, p. 3-4.

Alternatively, Bradley has no objection to impaneling two juries, as was done in Carter. Counsel has tried many cases with two juries, and while it is not the preferred way to proceed, it is an acceptable alternative solution.

Respectfully submitted,

/s/ Steven A. Greenberg
One of Defendant's Attorneys

STEVEN A. GREENBERG
GREENBERG TRIAL LAWYERS
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
(312) 879-9500
Steve@GreenbergCD.com

2